# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

JAMES ALFRED THOMAS                                                    PETITIONER

VERSUS                                       Civil Action No. 2:09-CV-182-WAP-DAS

DESOTO COUNTY CIRCUIT COURT                                             DEFENDANT

## REPORT AND RECOMMENDATIONS

This matter comes before the court on the pro se prisoner petition of James Alfred Thomas for a writ of habeas corpus under 28 U.S.C. § 2254. The state has moved to dismiss the petition pursuant to 28 U.S.C. § 2244(b) and (d) for failure to exhaust state remedies and failure to state a claim. The petitioner has not responded, and the deadline for response has expired. The matter has been referred to the undersigned United States Magistrate Judge for review and issuance of a report and recommendations.

James Alfred Thomas entered a plea of guilty to manslaughter in the Circuit Court of Desoto County, Mississippi. On June 8, 2005, Thomas was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections with eighteen years suspended and five years of post-release supervision. Thomas was released on probation on September 10, 2005. Thereafter, on August 16, 2006, Thomas' probation was revoked, and he was ordered to serve two years of his previously suspended sentence in the custody of the Mississippi Department of Corrections. The revocation order further provided that, upon service of the two years, petitioner would again be released on supervised probation for the remainder of his sentence. Thomas was discharged on expiration of sentence on June 23, 2007, and again released on supervised probation to complete the suspended portion of his sentence. However,

Thomas violated the terms of his probation again, which was revoked on June 5, 2009, following notice and a hearing, to serve a term of three years in custody of MDOC.

Specifically, Thomas raises the following grounds for review:

**Ground One** - I had no legal assistance of counsel from my state appointed attorney on the violation of probation charges. No probation was imposed on June 8th, 2005. This is the date of the original sentence was imposed. The sentence was a time served kind of sentence and was 2 years to serve with 18 years suspended. The sentence had almost completely expired at the time that a plea petition was afforded by the state appointed attorney. Stated as a compromise and not an admission of guilt for a remand of the charge.

**Ground Two** - I was discharged from Parchman on the 23rd of June, 2007, and have certification of expiration of sentence. No notice of any kind was given to me stating that I had violated any probation. I was out for two years before the arrest was made on me in Memphis. I had explained in court back in 2005 that I lived in Memphis and they told me there was no problems with me going back home. So that is the agreement I stood by. I was shackled in court and was unable to present my case.

**Ground Three** - Prison time after making a compromise for time served is a greater punishment than the one imposed. One of the factors involved is that I received time served because I was not guilty of the charge of manslaughter. But I signed the plea agreement under the duress of 20 months of incarceration. The reason I did was because I held without even a preliminary hearing and was unable to show my evidence on produce witnesses in my behalf.

**Ground Four** - I filed a request to see the laws on extradition while I was in the Memphis jail and got no response. The warrant issued on me for violation of probation was from Hernando, Ms. where I was held in jail, but the charge on me was made in another city - Horn Lake, Ms. about 35 miles from Hernando and 1 mile from Memphis where I live and is where I would be on probation if any was imposed. In addition to the above stated grounds, petitioner makes argument challenging his original plea and sentence, as well as takes issue with the revocation on May 29, 2009.

With regard to his most recent revocation, petitioner argues that he was not afforded counsel at the revocation hearing and that the trial judge allegedly made statements during that hearing which Thomas claims conflicted with the original agreement he made with the State at

the time of his plea.

## I. Claims Relating to Original Sentence

### A. Lack of Jurisdiction

Thomas has previously filed for habeas relief in this Court in Cause No. 2:07CV94-BA in which he raised issues challenging his June 8, 2005, plea and sentence manslaughter. On September 27, 2007, this Court entered a Memorandum Opinion finding that those claims in Thomas' habeas petition should be dismissed with prejudice. Accordingly, respondent submits that the instant petition, insofar as it challenges the original plea and sentence, is a successive petition for writ of habeas corpus which should be dismissed for lack of jurisdiction.

28 U.S.C. § 2244(b)(3)(A) provides the following:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Under AEDPA, deciding whether a successive §2254 application may be filed in district court is a decision made by a court of appeals. *In re Smith*, 142 F.3d 832, 833-34 (5th Cir. 1998). "Pursuant to the amendments to the habeas statutes resulting from the Anti-Terrorism and Effective Death Penalty Act (AEDPA), a habeas applicant must obtain an order from a court of appeals authorizing the district court to consider such a second or successive application." *In re Davis*, 121 F.3d 952, 952-53 (5th Cir. 1997). Thomas has failed to secure the requisite authorization before filing this successive action; therefore, this Court is without jurisdiction to hear Thomas' claim in Ground Three of the petition as it relates to his original plea and sentence.

### B. Statue of Limitation

Alternatively, the arguments challenging Thomas' original plea and sentence herein are

barred from review as untimely pursuant to 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Thus, unless the narrow exceptions of § 2244(d)(1)(B-D) apply, the AEDPA requires that a petitioner's federal habeas corpus petition be filed within one year of the date that petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998); *see also Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998) (§ 2244(d)(2) requiring federal courts to toll time spent in state court post-conviction litigation).

As stated previously, the trial court sentenced Thomas on June 8, 2005, pursuant to a guilty plea for manslaughter. By statute, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Thomas' judgment of conviction became final on July 8, 2005, thirty days after he was sentenced on his guilty plea.[1] Therefore, unless Thomas filed a "properly filed" application as contemplated by 28 U.S.C. § 2244(d)(2) on or before July 10, 2006, to toll the period of limitation, his habeas petition would be filed too late.[2] *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). The Mississippi state court records indicate that Thomas has not "properly" filed a motion for post-conviction relief.

Accordingly, the tolling provision of §2244(d)(2) is not applicable to the instant case. Under the "mailbox rule," Thomas' pro se federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401, (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998)).

Thomas' petition was "filed" sometime between the date it was signed on September 15, 2009, and the date it was received and stamped as "filed" in the district court on October 9, 2009. Accordingly, Thomas filed his petition some 1,163 days to 1,187 days after the July 10, 2006,

---

[1] Although, there is a statutory prohibition against direct appeals from guilty pleas under state law, the Mississippi Supreme Court carved out an exception, allowing an appeal from a guilty plea within thirty days when the issue concerned an alleged illegal sentence. *Burns v. State*, 344 So.2d 1189 (Miss. 1977); *Trotter v. State*, 554 So.2d 313 (Miss. 1989); *Berry v. State*, 722 So.2d 706 (Miss. 1998); *Campbell v. State*, 743 So.2d 1050 (Miss. App. 1999); and *Acker v. State*, 797 So.2d 966 (Miss. 2001). However, in light of *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003), the longest possible amount of time that could be added to the date of the entry of a guilty plea to determine finality of a petitioner's conviction when no appeal was taken would be thirty days, which is the period of time allowed for seeking review of an alleged illegal sentence under state law.

[2] The actual date would have been July 8, 2006, but this date fell on a Saturday, giving petitioner until Monday July 10, 2006 to file his habeas petition.

filing deadline. Because certain of Thomas' claims in the instant petition challenging his plea and sentence were filed too late and because Thomas cites no "rare and exceptional" circumstance to warrant equitable tolling,[3] Ground Three and argument in ECF Doc. 1, p. 12, must be dismissed with prejudice.

## II. Challenges to Revocation: Failure to Exhaust

Thomas also raises claims challenging the revocation of his probation on May 29, 2009, in Grounds One and Two of the petition, as well as in argument in ECF Doc. 1, p. 13. Because he failed to exhaust his state court remedies, Thomas is precluded from habeas review of the revocation. Thomas has a remedy available to him under the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated, §§ 99-39-1, *et seq*.[4] Section 99-39-5(1) sets out the grounds upon which a petition for post-conviction relief may be filed.

Specifically, section 99-39-5(1)(g) provides for relief based upon a claim "[t]hat his [prisoner's] sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody[.]" Miss. Code Ann. § 99-39-5(1)(g) (Rev. 2000). Petitioner has not filed a petition for post-conviction relief challenging the June 5, 2009, revocation with which he takes issue in the instant petition. As such, respondent submits that Thomas cannot be deemed to have exhausted state court remedies until such time as a petition for post-conviction relief is properly filed with the Desoto County Circuit Court and ultimately ruled upon by that court and the Mississippi Supreme Court.

---

[3]Petitioner was not actively mislead nor prevented in an extraordinary way from asserting his rights. Ott v. Johnson, 192 F.3d 510, 513-14 (5th Cir. 1999).

[4] Thomas had no right to a direct appeal of the revocation. *Rogers v. State*, 829 So. 2d 1287, 1288 (Miss. App. 2002)(holding that revocation of probation is not appealable).

At this time, Thomas has failed to pursue his claims challenging his revocation (Grounds One and Two, as well as the argument raised in ECF Doc. 11, p. 13) in a procedurally proper manner through a course available to him, and therefore, has not satisfied the exhaustion requirement necessary for habeas review. Such a failure to exhaust available state court remedies clearly warrants dismissal of the above-stated grounds of the instant federal habeas corpus petition. 28 U.S.C. §2254(b)(1) and (c).

While, this court has the discretion pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), to hold Thomas' petition in abeyance while he pursues his state court remedies. The Supreme Court cautioned, however, that "stay and abeyance should be available only in limited circumstances." *Id*. at 274-277. Such "limited circumstances" do not exist in the instant case as petitioner has not shown good cause for his failure to exhaust his claims first in state court. Thomas chose to skip directly to federal court without first exhausting his revocation claims in state court and waited three months after his revocation before filing his federal habeas petition.

If petitioner were to proceed promptly to state court at this juncture to exhaust his state court remedies in a properly filed motion, the limitations period would be tolled during the pendency of such action pursuant to 28 U.S.C. § 2244(d)(2), and petitioner would be allowed, if he were diligent, to file a new federal habeas petition challenging the revocation. As such, stay and abeyance is inappropriate. Accordingly, Thomas' claims in Grounds One and Two, as well as any other argument challenging Thomas' revocation, should be dismissed for failure to exhaust.

### III. Failure to State a Claim

Finally, the claims contained in Ground Four of the instant petition should be dismissed for failure to state a claim on which habeas relief could be granted. 28 U.S.C. § 2254, which provides in part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254 (a). A review of Ground Four reveals that the alleged claims are nothing more than a conglomeration of statements that assert no constitutional violation whatsoever. A petitioner is not entitled to relief when it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (quoting *Conley v. Gibson*, 355 US. 41, 45-46 (1957). To maintain a petition for habeas corpus the petitioner must be deprived of some right secured to him by the Constitution or the laws of the United States. *Baker v. McCollan*, 443 U.S. 137 (1979)*; Irving v. Thigpen,* 732 F.2d 1215, 1216 (5th Cir. 1984); *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983). In the event there is no violation of a constitutional right asserted, petitioner's claim must fail. *Irving*, 732 F.2d at 1216.

Accordingly, the aforementioned grounds must be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

## IV. Conclusion

IT IS, THEREFORE, recommended that petitioner's habeas petition be dismissed in part with prejudice pursuant to 28 U.S.C. § 2244(b) or alternatively to 28 U.S.C. § 2244(d) and for failure to state a claim upon which relief can be granted, and that the remaining portions of the petition should be dismissed without prejudice for failure to exhaust. Specifically: Thomas' claim in Ground Three and his argument in ECF Doc. 1, p. 12, as it relates to his original plea and sentence, should be dismissed with prejudice, as they amount to a successive action, and are similarly barred by the statue of limitation; and Thomas's remaining claims should be dismissed without prejudice for failure to exhaust.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 23rd day of August 2010.

/s/ David A. Sanders  
UNITED STATES MAGISTRATE JUDGE